IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CORNELL MCHENRY | § | |
| VS. | § | CIVIL ACTION NO. 5:16cv74 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cornell McHenry, an inmate confined at the Huntsville Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending the petition be denied and dismissed. Docket No. 43. The Court has received and considered the Report filed pursuant to such order, along with the record, pleadings and all available evidence.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 45. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough consideration of the pleadings, the Court concludes Petitioner's objections are without merit and should be overruled.

Objections and Analysis

*I.   Objections*

In his first objection, Petitioner complains that the Report was delivered to him by prison officials at the Huntsville Unit six days after it was filed on the docket. Petitioner states that the mail only takes one day to deliver under normal circumstances. Therefore, Petitioner prays that the Court sustain the objection and afford him an additional six days to respond. However, Petitioner has

failed to assert any reason why additional time is necessary. Further, Petitioner submitted his objections in the same document. Accordingly, Petitioner's first objection is overruled.

In his second objection, Petitioner contends the Magistrate Judge was biased when, in a footnote, she referenced his refusal to accept a plea bargain on numerous occasions and proceeded to trial against the advice of his attorneys. However, the inclusion of the information in the footnote appears as an attempt to give the reader a more complete picture of the underlying proceeding and does not show bias on behalf of the Magistrate Judge. Petitioner's objection is without merit and should be overruled.

In his third objection, Petitioner objects to the finding that he pleaded true to the enhancement paragraph because he did not testify at trial or sentencing. Petitioner requests that the Court order a supplemental finding with specific references that support this finding of fact. Petitioner asserts that without conclusive proof that he knowingly and voluntarily pleaded true to the enhancement, the Magistrate Judge's conclusion that this claim is foreclosed is incorrect. However, a review of the state court record shows that Petitioner pleaded true to a total of seventeen prior convictions either by actually pleading true or by stipulation. *See* SCHR, Vol. 4 at 7-12. Accordingly, Petitioner's objection is overruled.

In his fourth objection, Petitioner objects to the Magistrate Judge's determinations regarding state law claims. Petitioner suggests the state did not satisfy its burden of proving all elements of the charge beyond a reasonable doubt. Petitioner contends that if the jury had to follow the witness accomplice instruction, and discount the testimony of DeQueener Mitchell, there would be no physical evidence to support possession by Petitioner. However, "[t]he state-law requirement that accomplice witness testimony be corroborated has no independent constitutional footing." *Thompson v. Lynaugh*, 821 F.2d 1054, 1062 (5th Cir. 1987). Further, Petitioner's assertion regarding the evidence is contrary to the greater weight of the testimony and evidence presented at trial.

Liberally interpreted, Petitioner's objection is construed as a claim that the evidence was insufficient to support his conviction. Federal habeas review of an insufficiency of the evidence

claim, however, is extremely limited. On habeas review, a federal court cannot disturb a conviction rendered in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). During the review, the evidence must be viewed in the light most favorable to the verdict. *Jackson,* 443 U.S. at 319; *Gibson,* 947 F.2d at 781.

In this case, Petitioner's claim lacks merit because the evidence presented at trial is far more than sufficient to satisfy the *Jackson* standard. In Texas, "a person commits an offense [of possession of a controlled substance] if the person knowingly or intentionally possesses a controlled substance ... unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." TEX. HEALTH & SAFETY CODE Ann. § 481.115 (West 2014). To prove possession, the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The State does not have to prove that the defendant had sole or exclusive possession of the drugs. *See Cude v. State,* 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). The State presented witness testimony regarding the activity at Petitioner's house which was discovered from the two-month surveillance of the residence, testimony from those present during the execution of the search warrant which included the only other occupant of the residence, and introduced multiple exhibits from the home. The evidence and the inferences that could be drawn therefrom satisfactorily link Petitioner to the contraband and satisfy all of the elements of the charge.

Additionally, Petitioner has failed to satisfy his burden of proof regarding the state court findings. Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objection is overruled.

In his fifth objection, Petitioner asserts he is actually innocent of the offense. Plaintiff has also filed a motion for leave to file an actual innocence claim (Docket No. 35) on the same grounds. In support of his assertion of innocence, Petitioner complains that the case before this Court "can be described as corrupted or incomplete." In essence, Petitioner wants this Court to review the evidence and trial court proceedings and reach a different conclusion than the trier of fact. However, federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Petitioner has not presented new evidence supporting his claim of actual innocence. However, even if this Court were to consider his claims, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir.), *cert. denied*, 498 U.S. 988 (1990). Additionally, for the reasons set forth above and in the Report, Petitioner has failed to set forth a truly persuasive showing of actual innocence and his claims do not satisfy the extraordinarily high threshold for a potential actual innocence claim. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993). Accordingly, Petitioner's objection is overruled and his motion for leave to file an actual innocence claim (Docket No. 35) is DENIED.

Moreover, Petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, Petitioner's objections is overruled.

II.     *Certificate of Appealability*

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge

issues a certificate of appealability. See 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

<u>Order</u>

Accordingly, Petitioner's objections (Docket No. 45) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the Magistrate Judge is **ADOPTED**. For the reasons explained above, the Court also **DENIES** Plaintiff's motion for leave to file an actual innocence claim (Docket No. 35). A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 14th day of August, 2018.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE